## SCHULTZ v CINCINNATI (city) et

Ohio Common. Pleas, Hamilton Co

Decided Nov 30, 1938

Eli G . Frankenstein, Cincinnati, for plaintiff.

John D. Ellis, City Solicitor, Cincinnati, for defendant.

### OPINION

By SCHWAB, J.

This is an action for an injunction against the City of Cincinnati and Clarence O. Sherrill, city manager of the City of Cincinnati, the petitioner praying that the court restrain the defendants from taking any steps of any nature whatsoever for the purpose of putting into effect ordinance No. 478-1938. The matter is immediately before the court upon a motion for a temporary injunction enjoining the defendants from taking any steps until the further hearing by this court of this cause upon its merits. Testimony was heard and the arguments of counsel presented to the court upon a hearing on this motion.

The court finds that on November 2, 1938, the council of the City of Cincinnati passed ordinance No. 478-1938, "authorizing and directing the city manager to enter into a contract with the Cincinnati Metropolitan Housing Authority with reference to the elimination of unsafe and unsanitary dwelling units, for the furnishing of municipal services, the waiving of building and inspection fees, and the acceptance of streets and alleys in connection with housing projects within the city of Cincinnati."

Section 2 of this ordinance provides as follows:

"This ordinance is hereby declared to be an emergency ordinance necessary for the immediate preservation of the public peace, health and safety, and it shall go into immediate effect. The reason for the emergency is the immediate necessity of co-operating with the Cincinnati Metropolitan Housing Authority in order that said authority may forthwith begin its work of developing and administering two additional low rent housing projects in conjunction with the United States Housing Authority, so that present low-income occupants of unsafe and unsanitary dwelling units may be provided with new dwelling units at rentals they can afford to pay and in order to provide necessary work for the unemployed of the city because of present abnormal unemployment conditions."

It is the contention of the plaintiff that the emergency clause set forth in §2 of this ordinance fails to state the reasons for such necessity for the immediate preservation of the public peace, health or safety.

Further the plaintiff represents that no emergency, as set forth in §4227-3, GC, exists.

The question of the constitutionality of the ordinance is not before the court in this proceeding.

In 1912 the Constitution of the State of Ohio was amended to provide for initiative and referendum. The Constitution now provides in §1-F of Article 2, the following:

"The initiative and referendum powers are hereby reserved to the people of each municipality on all questions which such municipalities may now or hereafter be authorized by law to control by legislative action; such powers shall be exercised in the manner now or hereafter provided by law."

**Sec 1D of Article II**, provides as follows:

"Laws providing for tax levies, appropriations for the current expenses of the state government and state institutions, and emergency laws necessary for the immediate preservation of the public peace, health or safety, shall go into immediate effect. Such emergency laws upon a yea and nay vote must receive the vote of two-thirds of all the members elected to each branch of the General Assembly, and the reasons for such necessity shall be set forth in one section of the law, which section shall be passed only upon a yea and nay vote, upon a separate roll call thereon. The

laws mentioned in this section shall not be subject to the referendum."

**Sec 4227-2 GC** provides as follows:

"Any ordinance, or other measure passed by the council of any municipal corporation shall be subject to the referendum except as hereinafter provided. No ordinance or other measure shall go into effect until thirty days after it shall have been filed with the mayor of a city or passed by the council in a village, except as hereinafter provided.

"When a petition signed by ten per cent. of the electors of any municipal corporation shall have been filed with the city auditor or village clerk in such municipal corporation within thirty days after any ordinance, or other measure shall have been filed with the mayor, or passed by the council of a village, ordering that such ordinance or measure be submitted to the electors of such municipal corporation for their approval or rejection, such city auditor or village clerk shall, after ten days, certify the petition to the Board of Deputy Supervisors of Elections of the county wherein such municipality is situated and said board shall cause to be submitted to the electors of such municipal corporation for their approval or rejection, such ordinance, or measure at the next succeeding regular or general election, in any year, occurring subsequent to forty days after the filing of such petition.

"No such ordinance or measure shall go into effect until approved by the majority of those voting upon the same. Nothing in this act shall prevent a municipality after the passing of any ordinance, or other measure from proceeding at once, to give any notice, or make any publication, required by such ordinance or other measure."

**Sec 4227-3, GC**, provides as follows:

"Whenever the council of any municipal corporation is by law required to pass more than one ordinance or other measure to complete the legislation necessary to make and pay for any public improvement, the provisions of this Act shall apply only to the first ordinance or other measure required to be passed and not to any subsequent ordinances and other measures relating thereto. Ordinances or other measures providing for appropriations for the current expenses of any municipal corporation, or for street improvements petitioned for by the owners of a majority of the feet front of the property benefitted and

to be especially assessed for the cost thereof as provided by statute and emergency ordinances or measures necessary for the immediate preservation of the public peace, health or safety in such municipal corporation, shall go into immediate effect. Such emergency ordinances or measures must, upon a yea and nay vote, receive the vote of two-thirds of all the members elected to the council or other body corresponding to the council of such municipal corporation, and the reasons for such necessity shall be set forth in one section of the ordinance or other measure. The provisions of this Act shall apply to pending legislation providing for any public improvement."

Sec 3 of the charter of the City of Cincinnati provides as follows:

"The initiative and referendum powers are reserved to the people of the city on all questions which the council is authorized to control by legislative action; such powers shall be exercised in the manner provided by the laws of the state of Ohio. Emergency ordinances upon a yea and nay vote must receive the vote of two-thirds of all the members elected to the council, and the reasons for the necessity of declaring said ordinances to be emergency measures shall be set forth in one section of the ordinance, which section shall be passed only upon a yea and nay vote upon a separate roll call thereon."

The ordinance in question has been introduced in evidence, and likewise the evidence of the legislative steps taken by the council of the city of Cincinnati is before the court. Upon an examination of the same the court finds that the council of the City of Cincinnati in the enactment of the ordinance in question has followed strictly the provisions of the Constitution of Ohio, the provisions of the statutes above quoted, and the provisions of the charter of the city.

The one question, therefore, presented to the court is whether or not the court has the right under the law to inquire into the sufficiency of the reasons set forth in §2 of the ordinance in question.

It will be observed that by the adoption of §2 of the ordinance the people of the City of Cincinnati are denied the right to express their views concerning this ordinance by way of referendum, for by the operation of §2 of the ordinance it becomes immediately effective.

In 1915 this question was presented to the Supreme Court of Ohio in the case of County of Miami v City of Dayton, 92 Oh St 215, and the court at that time held in the eleventh paragraph of the syllabus, as follows:

"The judgment of the General Assembly as to the emergency character of an act under the constitutional amendment of 1912 is not conclusive, but its judgment in that behalf may be challenged in a proper proceeding at any time within the ninety day period, either as to the constitutional vote or the emergency character of the act."

It must be observed, however, that the emergency character of the act was not in question in that case and the syllabus is based upon a few lines of obiter dictum in the opinion in that case.

The question was again presented to the Supreme Court in 1921 in the case of State ex Durbin v Smith, 102 Oh St 591. In that case two judges were of the opinion that the legislative determination of the emergency was conclusive; two reach the conclusion that the court could review and decide the matter and that the particular act under consideration came within the scope of emergency legislation. Three members of the court vigorously contended that the matter was not only open to judicial inquiry, but that no semblance of an emergency appeared in the Act and hence the court should so declare and thus allow a referendum thereon.

The Durbin case covers eighty-one pages of the State Report.

Judge Marshall, the then Chief Justice of the Supreme Court, Judge Johnson and Judge Wanamaker wrote vigorous dissenting opinions, and in the opinion of this court the reasoning as set forth in these dissenting opinions holding that the question of emergency is one for judicial review, is sound.

It is pointed out to this court that in the petition in this case it is alleged that the council of the City of Cincinnati have fraudulently and for the sole purpose of depriving this plaintiff, as well as all other taxpayers and electors of the City of Cincinnati of their constitutional right of referendum set forth in the aforesaid ord-

inance that said ordinance is an emergency measure necessary for the immediate preservation of the public peace, health and safety.

It is argued that where fraud is alleged the situation presented to the court is far different from where the simple question of the sufficiency of the reasons for the emergency is before the court.

However, on June 16, 1937, this question was again squarely presented to the Supreme Court of Ohio, upon a petition of Ed. D. Schorr as relator, against William J. Kennedy, as Secretary of the State of Ohio, in the case of **State ex Schorr v Kennedy, Secretary of State, 8 O.O. 494.** In that case the General Assembly on March 30 1937, passed an Act to amend §2397, GC, relating to the appointment of county commissioners and to declare an emergency. The petition in that case alleged fraud upon the rights of the plaintiff and all other citizens and electors of the state. To this petition a demurrer was filed. The demurrer was sustained by a four-to-two decision of the Supreme Court. Paragraph 2 of the syllabus reads as follows:

"The General Assembly has exclusive authority to determine that an emergency exists requiring an act to go into immediate effect on its passage, and such determination is not reviewable by the courts."

Judge Zimmerman, in writing the opinion of the majority of the court, called attention to the decision of the court in the case of **Holcomb v State ex Coxey, Sr., 126 Oh St 496,** and particularly to the third paragraph of the syllabus of that case, reading as follows:

"The duty and responsibility of determining the emergency and the necessity that a measure go into immediate effect are confided to the legislative branch of the government. If the prescribed procedure for enactment thereof is followed, such measure goes into effect immediately upon its passage."

The court calls attention to the fact that all six members of the court who participated in the consideration of that case joined in the decision without reservation. Judge Zimmerman then proceeds, on page 496, as follows:

"This court having so recently taken a definite and united stand on the issue now raised, and such stand being supported by good reasons and respectable authority, a majority of the present members see no sufficient cause for a 'turn about face.' Certainly in a matter like the one confronting us, any merit of the individual case affords no adequate ground for the overthrow of an established policy. If the interpretation given to **§1d, Article II, of the Constitution** is unsatisfactory, remedy is open for the people of Ohio to speak plainly on the subject by a change in the Constitution."

Judge Day and Judge Williams dissented from the majority opinion in this case, and Judge Day rendered a dissenting opinion.

It will be observed that the Constitution of Ohio, the statutes of Ohio and the charter of the City of Cincinnati require the council of the City of Cincinnati to set forth the reasons for the necessity of declaring that an ordinance is an emergency measure, and this court can see no sound reason why this duty is imposed upon the legislative department of the city, unless it be that the sufficiency of such reasons be subject to judicial review. As the law now stands the emergency character of legislation may be established and the right of referendum defeated upon any reason whatsoever, and no matter how absurd, if the reasons be stated in the law.

This court is bound by the decisions of the Supreme Court and the orderly administration of justice demands that where the Supreme Court has spoken on the question before this court, the decision of the Supreme Court is controlling.

Therefore, bowing to the superior authority of our Supreme Court, this court holds that it has no right to inquire into the sufficiency of the reasons stated by the council of the City of Cincinnati for declaring the ordinance in question to be an emergency.

Accordingly the motion for a temporary injunction will be denied.